# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10544

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2020

Lyle W. Cayce
Clerk

JUAN MANUEL ALBARADO,

Petitioner–Appellant,

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:17-CV-38

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Albarado, Texas prisoner #01452106, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application challenging his conviction of murder. He contends that the district court erred by dismissing as time-barred his claims that (1) the trial court lacked jurisdiction over him because the juvenile court committed numerous errors before it improperly waived its own jurisdiction, (2) the State suppressed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exculpatory and mitigating evidence, (3) he is actually innocent, (4) his trial counsel provided ineffective assistance in several respects, including by failing to challenge the juvenile-court errors and the jurisdiction of the trial court, and (5) his appellate counsel rendered ineffective assistance by failing to challenge the juvenile-court errors and the jurisdiction of the trial court.

A COA may be issued only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court has denied a request for habeas relief on procedural grounds, the prisoner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Albarado fails to make the necessary showing. To the extent that he requests a COA regarding the district court's denial of an evidentiary hearing, we construe his motion as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm, *see Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011).

Accordingly, Albarado's motion for leave to file a supplemental brief is GRANTED, his motions for a COA and for a stay of the proceedings are DENIED, and the district court's denial of an evidentiary hearing is AFFIRMED.